UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

KAREN MCMANUS
    Plaintiff

v.                                                   C.A. No.

JENNIFER CLINCH GUERTIN and
ANCHOR STEAM, INC.
    Defendants

## COMPLAINT

## INTRODUCTION

In this action, the Plaintiff seeks to remedy and seek relief for discrimination in a place of public accommodation on the basis of disability under Title III of the Americans with Disabilities Act ("ADA"), Chapter 11-24 of the Rhode Island General Laws and the Rhode Island Civil Rights Act ("RICRA").

## PARTIES

1. Plaintiff, Karen McManus, is a resident of Stoughton, Massachusetts.

2. Defendant, Anchor Steam, Inc. ("Anchor Steam"), is a Rhode Island Corporation with a principal place of business in Newport, Rhode Island.

3. Defendant, Jennifer Clinch Guertin ("Guertin"), is an individual who, upon information and belief, resides in Smithfield, Rhode Island.

4. Defendant Guertin is the owner and President of Defendant Anchor Steam.

5. Defendants do business as Anchor Steam Tattoo Gallery.

## JURISDICTION

6. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 over the federal claims in this matter conferred on this Court by provisions of the ADA.

7. Supplemental jurisdiction over the state law claims is conferred by 28 U.S.C. §1367 because the claims are so related to the ADA claims that they form part of the "case or controversy" within the meaning of that statute.

8. Venue is proper in this Court because upon information and belief Defendants are residents of Rhode Island, as residency is defined in Section 28 U.S.C. §1391(b) and (c).

## FACTS COMMON TO ALL COUNTS

9. The Plaintiff is HIV positive.

10. Plaintiff is an individual with a "disability" within the meaning ADA and/or was regarded as such by the Defendants.

11. Plaintiff is an individual with a "disability" within the meaning of the Chapter 11-24 of the Rhode Island General Laws, and/or was regarded as such by the Defendants.

12. Plaintiff is an individual with a disability within the meaning of RICRA, Chapter 42-113 of the Rhode Island General Laws.

13. There is a history of breast cancer in Plaintiff's family.  Her mother, grandmother and two aunts have died from breast cancer.

14. After learning that she had the "BRCA gene" and consulting with her health care providers, she elected to undergo a double mastectomy as a preventative measure.

15. Following her mastectomy, the Plaintiff underwent reconstructive breast surgery.

16. As the final stage of her reconstruction and healing process, Plaintiff explored different options for having nipples for her reconstructed breasts.  She learned about nipple tattooing.

17. Defendant Guertin is a tattoo artist licensed by the State of Rhode Island.

18. Anchor Steam Tattoo Gallery is a tattoo parlor.  It is open to the public.

19. Defendants own and/or operate the Anchor Steam Tattoo Gallery.

20. The Defendants advertises their services, by among other things, maintaining a website: https://www.anchorsteamtattoo.com/.

21. In addition to general tattoo work, Defendant Guertin held herself out as someone with expertise in performing nipple tattoos for individuals like the Plaintiff who have undergone mastectomies. In 2019, Defendants maintained another webpage focused on the nipple tattooing: www.hipnips.net.

22. Anchor Steam Tattoo Gallery is a place of public accommodation within the meaning of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S. Code § 12182.

23. Anchor Steam Tattoo Gallery is a "place of public accommodation" within the meaning of Section 11-24-3 of the Rhode Island General Laws.

24. Defendants own and/or operate a place of public accommodation.

25. The Plaintiff contacted Anchor Steam and made an appointment for April 11, 2019 at noon for Ms. Guertin to provide her with nipple tattooing services.

26. When Plaintiff arrived at Anchor Steam Tattoo Gallery she was presented with a printed "waiver" card.

27. The waiver card provided in part "I am not an IV drug user and do not have any communicable disease including but not limited to AIDS, HIV, Hepatitis A, B, or C, STDs and I am not pregnant to my knowledge."

28. The Plaintiff informed employees/agents of the Defendants that she was HIV positive.

29. After the Plaintiff informed the Defendants of HIV status, the Defendants refused to provide the previously agreed upon tattooing services.

30.     In refusing to provide services to the Plaintiff, the Defendants discriminated against her on the basis of her disability, her record of having a handicap and/or because they regarded her as having a disability.

31.     Plaintiff has been damaged as a result of the Defendant's discriminatory conduct, including suffering mental anguish and emotional distress.

## ADMINISTRATIVE PREREQUISITES

32.     On or about October 30, 2019, Plaintiff filed a charge of discrimination with Rhode Island Commission for Human Rights "Commission") alleging that the Defendants had discriminated against the Plaintiff.

33.     The Plaintiff requested a right to sue from the Commission.

34.     On or about August 12, 2020, the Commission issued a Notice of Right to Sue.

35.     The Plaintiff commenced this lawsuit within ninety (90) days of the date of the Notice of Right to Sue.

## COUNT I
### (Title III of the Americans with Disabilities Act)

36.     At all times material to the allegations of this Complaint, the Plaintiff was an individual with a disability within the meaning of the ADA.

37.     The Defendants owned and/or operated a place of public accommodation within the meaning of Title III of the ADA, namely the Anchor Steam Tattoo Gallery.

38.     Defendants discriminated against the Plaintiff on the basis of her disability, her record of disability or because they regarded her as having a disability, in the full and equal enjoyment of the services of a place of public accommodation.

39.     Plaintiff has been harmed by the Defendants' discriminatory conduct.

## COUNT II
### (Chapter 11-24 of Rhode Island General Laws)

40. Plaintiff repeats and realleges Paragraphs 1 through 39 of this Complaint as if each were fully set forth herein.

41. The Defendants owned and/or operated a place of public accommodation within the meaning of Chapter 11-24.

42. Defendants discriminated against the Plaintiff on the basis of her disability, her record of disability or because they regarded her as having a disability, in the full and equal enjoyment of the services of a place of public accommodation.

43. Plaintiff has been harmed by the Defendants' discriminatory conduct.

## COUNT III
### (Rhode Island Civil Rights Act)

44. Plaintiff repeats and realleges Paragraphs 1 through 30 of this Complaint as if each were fully set forth herein.

45. Plaintiff sought to engage in a contractual relationship with the Defendants whereby she would obtain services from the Defendant in exchange for money.

46. Defendants refused to provide services to the Plaintiff based upon her disability, her record of disability or because they regarded her as having a disability.

47. Defendants discriminated against the Plaintiff in violation of the Rhode Island Civil Rights Act.

48. Plaintiff has been harmed by the Defendants' discriminatory conduct

WHEREFORE, Plaintiff requests judgment enter against the Defendants as follows:

    a.    Award Plaintiff compensatory damages in an amount to be determined at trial of this matter;

    b.    Award Plaintiff punitive damages in an amount to be determined at trial of this matter;

    c.    Award Plaintiff her attorneys' fees, including litigation expenses, and the costs of this action; and

    d.    Grant such other and further relief as this Court may deem just and proper.

Plaintiff demands a trial by jury on all issues triable to a jury and designates James A. Musgrave as trial counsel.

PLAINTIFF,
KAREN MCMANUS
By Her Attorney(s),

/s/ James A. Musgrave

James A. Musgrave (#6640)
ROBERTS, CARROLL, FELDSTEIN &
PEIRCE, INC.
Ten Weybosset Street, 8th Floor
Providence, RI   02903
(401) 521-7000    FAX 401-521-1328
jmusgrave@rcfp.com

November 9, 2020

JAM:jam
5308-2
(3651965)